**Mahir UJKASHEVIC, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 03–3743.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 15, 2004.

Decided Jan. 10, 2005.

Zuhair Nubani, Chicago, IL, for Petitioner.

George P. Katsivalis, Department of Homeland Security Office of the District Counsel, Chicago, IL, for Respondent.

Before BAUER, COFFEY, and SYKES, Circuit Judges.

### ORDER

Mahir Ujkashevic, an immigrant from Serbia and Montenegro, applied for asylum, withholding of removal, and protection under the Convention Against Tor-

ture. Ujkashevic received a draft notice from the Yugoslavian military in 1991, and alleges persecution arising from his evasion of the draft. The immigration judge found that Ujkashevic did not establish a future likelihood of persecution and denied relief. The Board of Immigration Appeals summarily affirmed, and Ujkashevic petitions for review. In light of recent precedent, we grant the petition for review and vacate and remand the Board's decision.

The facts in this case closely resemble two recent decisions of this court, *Miljkovic v. Ashcroft*, 376 F.3d 754 (7th Cir.2004), and *Begzatowski v. INS*, 278 F.3d 665 (7th Cir.2002). *Begzatowski* held that an ethnic Albanian forced to serve in the Yugoslavian military was "persecuted" because he suffered discriminatory treatment during training and service and especially because he was forced into battle without ammunition or equipment. *Begzatowski*, 278 F.3d at 667, 670. Ujkashevic did not actually experience such treatment, as he fled the draft before he could be forced to serve in the military. Citing *Begzatowski*, *Miljkovic* holds that an ethnic minority who would be persecuted in the military (by being assigned, for example, to extremely hazardous duty on the basis of ethnicity) may show past persecution even if he evades the draft. *Miljkovic*, 376 F.3d at 756. If Ujkashevic can in fact show that he was thus persecuted, then the burden would shift to the government to show that he does not have a well-founded fear of such future persecution. *Id.* at 757.

Because these recent cases significantly affect the analysis of the facts in this case, we GRANT the petition for review, VACATE the BIA's decision and REMAND this matter for further consideration.